**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| AISHA PANKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:11-cv-00429-KJD-LRL |
| v. ) | |
| ) | |
| BUDGET CAR RENTAL, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# REPORT & RECOMMENDATION

Plaintiff has filed an Application to Proceed *In Forma Pauperis* and a Complaint (#1) using the court's form for filing a § 1983 civil rights action.

Plaintiff has filed her Application and Complaint in federal court. She complains that Budget Car Rental has charged her for loss of a rental car and "messed up" her banking account. The Application and Complaint should be dismissed because this court lacks subject-matter jurisdiction to hear the claims. Fed.R.Civ.P. 12(h)(3). Federal courts have two main sources of subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. Under federal question jurisdiction, a litigant may bring a claim in federal court if the claim or claims arise under federal law. 28 U.S.C. § 1331. Diversity jurisdiction permits individuals to bring claims that do not arise under federal law – for example, state law claims – where the claim exceeds $75,000 *and* the parties are citizens of different states. 28 U.S.C. § 1332.

Here, plaintiff does not allege a claim under federal law. Even if plaintiff could state a cognizable claim under state law, she does not indicate that she and the defendants are citizens of different states nor does she reasonably pray for monetary relief in excess of $75,000. The court therefore lacks diversity jurisdiction to hear the claims, as well.

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that plaintiff's Application and Complaint (#1) be dismissed.

DATED this 7th day of June, 2011.

_____
**LAWRENCE R. LEAVITT
UNITED STATES MAGISTRATE JUDGE**